SWINDLE, County Treasurer, v. CROCKER.
(6 Div. 71.)

Supreme Court of Alabama. Jan. 19, 1928.

1. Clerks of courts ⬅11—Only fees expressly provided by law may be taken by clerk in criminal case (Code 1907, § 6631; Code 1923, § 3734).

Law of costs must be deemed and held penal law, and no fee must be taken by clerk in criminal case except as expressly provided by law, under Code 1907, § 6631 (Code 1923, § 3734).

2. Clerks of courts ⬅18—Clerk of circuit court, acting in ex officio capacity as clerk of county court, held entitled to compensation for making final records of criminal cases, where nolle prosequis were entered or defendants discharged (Code 1923, § 6724, subsecs. 9, 11; Acts 1919, p. 200; Code 1907, §§ 6635, 6655, 6656).

Clerk of circuit court, acting in ex officio capacity as clerk of county court, held entitled to compensation for making final records of criminal cases in which nolle prosequis were entered or defendants were discharged, under Code 1907, § 6635, and Code 1923, § 6724, subsecs. 9 and 11, and Acts 1919, p. 200, notwithstanding that probate judges before 1919 were not allowed fees for final records under Code 1907, §§ 6655, 6656.

Appeal from Circuit Court, Walker County; Sayre, Judge.

Petition of John W. Crocker for mandamus to Miss Lummie Swindle, as Treasurer of Walker County, to require respondent to pay certain fees claimed by petitioner as ex officio clerk of the county court. From a judgment awarding mandamus, respondent appeals. Affirmed.

J. B. Powell, of Jasper, for appellant.

Statutes giving costs are held to be penal, and must be strictly construed. Code 1923, § 7255; Northern Ala. R. Co. v. Lowery, 3 Ala. App. 515, 57 So. 260; Torbert v. Hale County, 131 Ala. 144, 30 So. 453. The county clerk is not required by law to make the final records, and he cannot have compensation therefor. Report of Atty. Gen. 1922–1924, p. 92.

J. D. Acuff, of Jasper, for appellee.

Clerks of the county courts are to be paid as the clerks of the circuit courts are paid. Code 1907, § 6637. An officer may be impliedly required to perform services. McLeod v. McLeod, 75 Ala. 483; Code 1907, § 6724 (9) (11).

SAYRE, J. The question at issue between the parties is whether appellee, who was clerk of the circuit court and ex officio clerk of the county court, shall have the writ of mandamus to require appellant, county treasurer, to pay appellee for services rendered by him as ex officio clerk of the county court while he was clerk of the circuit court, viz. from August, 1919, to January, 1923. Appellee's claim is for making final records of criminal cases in which nolle prosequis were entered or the defendants were discharged in the county court.

[1, 2] There is no question concerning appellee's right to the fees in suit, if it was his duty to make the records. Prior to 1919 probate judges were ex officio clerks of the county courts. They were allowed fees for other services, but not for making final records. Sections 6655, 6656, Code of 1907. By the Act of August 22, 1919 (page 200), clerks of the circuit court were made ex officio clerks of the county courts, and it was provided, to quote section 3 of the act, that—

"The fees and compensation of said clerks for their duties as clerks of the county court, shall be the same as now allowed by law to the clerks of the circuit court in criminal cases, and shall be paid in like manner."

Clerks of the circuit courts were paid (section 6635, Code 1907) for "final record, for each hundred words * * * $.15." "The law of costs must be deemed and held a penal law, and no fee must be taken but in cases expressly provided by law. The fees prescribed in this Code [1907] shall be the only fees that can be collected by any officer." Section 6631, Code 1907; section 3734, Code 1923. It will be observed that there is no express specific command that clerks of the circuit court acting in their ex officio capacity as clerks of the county court shall make final records, but that is the necessary implication, for clerks of the circuit court are required to make final records (Code 1923, § 6724, subsecs. 9 and 11), and a necessary implication serves every purpose of an express command.

We are therefore at the conclusion that the writ of mandamus was properly granted by the trial court, and its judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes